RAILROAD COMMISSION OF
TEXAS, Petitioner,

v.

HIGH PLAINS NATURAL GAS
COMPANY, Respondent.

No. C–308.

Supreme Court of Texas.

Dec. 9, 1981.

Mark White, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Austin, for petitioner.

Clark, Thomas, Winters & Shapiro, Barry Bishop, Walter Demond and David C. Duggins, Austin, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

High Plains Natural Gas Company appealed two Railroad Commission orders relating to rates it could charge its customers. The Commission denied the gas company's application that requested: (1) the base rate to relate back to a period covered under a prior docket; (2) recovery of ten percent of the incremental increase of gas cost over the base rate that was not charged directly to customers under a ninety percent purchase gas adjustment (PGA) clause; and (3) a one hundred percent PGA clause. The trial court set aside the orders of the Railroad Commission and the court of civil appeals affirmed the judgment of the trial court. 613 S.W.2d 46 (Tex.Civ. App.). We refuse petitioner's application for writ of error, no reversible error.

The facts are well stated in the opinion by the court of civil appeals and repetition here is not necessary.

The central issue in this case is whether the Commission is required to grant a one hundred percent PGA clause to a utility if it elects to utilize a PGA clause to compensate for increase in fuel cost subsequent to the base rate being set by the Commission. Section 39 of the Public Utilities Regulatory Act (PURA) Article 1446c, Tex.Rev. Civ.Stat.Ann. requires that: "In fixing the rates of a public utility the regulatory authority shall fix its overall revenues at a level which will permit such utility to recover its operating expenses together with a reasonable return on its invested capital." This mandates that the Commission structure a system that will permit the utility to recover all of its operating expenses.

The Commission urges that a ninety percent PGA clause would be effective in holding down fuel costs by giving the utility company an incentive to purchase fuel at the lowest possible price. In a proper case a ninety percent PGA clause may be used in combination with other devices to permit complete recovery of expenses. However,

the stated purpose of the ninety percent PGA clause is to induce the utility to seek lower gas cost when there is a competitive market. *Detroit Edison Company v. Michigan Public Service Commission,* 82 Mich. App. 59, 266 N.W.2d 665. (1978). High Plains introduced evidence that no gas was available to it at lower prices. Since the purpose of a less than one hundred percent PGA clause is served only where there is a competitive market, its application to a utility where no such market exists is an unnecessary burden upon the utility and should not be allowed.

Allowing the utility to recover the incremental expenses lost as a result of the improperly mandated ninety percent PGA clause is not retroactive rate relief but restitution of a lost operating cost that the utility was entitled to recover under Section 39.

Petitioner's motion for rehearing is overruled.